UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 12-31-03
```

2003 DEC 31 P 1: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

SALEM HOSPITAL                 )
                               )
   Plaintiff,                  )
                               )
v.                             ) C.A. No.
                               )
AFSCME, COUNCIL 93,            )
                               )
   Defendant.                  )

**03 CV 12650 RGS**

MAGISTRATE JUDGE Cohen

**COMPLAINT**

1.  Plaintiff Salem Hospital ("Salem") brings this action to vacate an arbitration award on the ground that, <u>inter alia</u>, the Arbitrator exceeded her authority by ignoring the clear and unambiguous language of the subject collective bargaining agreement.

**JURISDICTION AND VENUE**

2.  The District Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "Act") and 28 U.S.C. § 1331. Venue within this judicial district is appropriate pursuant to 28 U.S.C. § 1391(b).

**FACTS**

3.  Salem is a not-for-profit Massachusetts corporation duly organized under law and having a principal place of business in Salem, Massachusetts. The Hospital is engaged in an industry affecting commerce within the meaning of Section 2(7) of the Act, 29 U.S.C. Section 152(7), and is an employer within the meaning of the Act.

4.  Upon information and belief, Defendant AFSCME, Council 93 is a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C. Section 152(5),

9338328_1

and represents employees in an industry affecting commerce within the meaning of the Act. It has its principal place of business in Boston, Suffolk County, Massachusetts. It is the exclusive collective bargaining representative for the registered nurses employed at Salem.

5. Salem and AFSCME have been parties to collective bargaining agreements during all relevant periods relating to this dispute, including but not limited to 1990 through the present. A copy of the collective bargaining agreement currently in effect (the "Agreement") is attached hereto as **Exhibit A**.

6. The Agreement provides, in relevant part, that "all Post Anesthesia Care unit nurses (PACU), on a rotating basis, will share on-call from 12:30 a.m. to 6:30 a.m., Tuesday through Saturday." See **Exhibit A**, Section 8.12(a).

7. The Agreement further provides, in relevant part, that "the Hospital reserves to itself, subject only to the express provisions of this Agreement, the management of the Hospital and the right to: direct the nurses and assign work ...." See **Exhibit A**, Section 4.1.

8. The Agreement further provides, in relevant part, that "no arbitrator shall have any authority to or power to reverse, set aside or modify any determination made by the Hospital pursuant to the provisions of this Agreement unless he or she finds that such determination was arbitrary or capricious, without any reasonable basis or in contravention of express language of this Agreement which is not subject to interpretation." See **Exhibit A**, Section 6.4.

9. Testimony and other evidence presented at the arbitration established that PACU nurses have been on-call during the 48-hour weekend period (Saturday morning at

7:00 a.m. through Monday morning at 7:00 a.m.) (the "Weekend") for approximately the last fourteen to twenty years. Testimony and other evidence presented at the arbitration established that having PACU nurses work on-call over the Weekend eliminates the need for such 48-hour period to be staffed with PACU nurses on-site, since there is a low volume of patients on the Weekend in need of PACU-level nursing care.

10. Francine O'Connell, a Registered Nurse who is on the PACU call-rotation for weekends, brought a grievance under the Agreement alleging that Salem had violated the Agreement by having PACU nurses serve on-call during the Weekend. Her grievance argued that the relevant part of Section 8.12(a) of the Agreement, as set out in Paragraph 6 above, restricts PACU on-call to 12:30 a.m. – 6:30 a.m. Tuesday through Saturday. See **Exhibit A**.

11. The Grievance was denied at all steps within Salem, and therefore, pursuant to the terms of the Agreement, AFSCME filed a demand for arbitration. The American Arbitration Association appointed an arbitrator and a two-day hearing was conducted.

12. Salem established at the arbitration, through documentary evidence and testimony, that the relevant language in Section 8.12(a), as set out in Paragraph 6 above, was added to the Agreement in or about 1992. It was added after Salem exercised its right to change the weeknight shifts (12:30 a.m. – 6:30 a.m. Tuesday through Saturday) (the "Weeknights") from being a staffed shift to being an on-call shift. The evidence established that the relevant language in Section 8.12(a) was added at that time to clarify that these shifts, which were formerly staffed, were now on-call.

13. Salem further established, through documentary evidence and testimony, that the relevant language in Section 8.12(a), as set out in Paragraph 6 above, was not meant to limit Salem's ability to place PACU nurses on-call at other times, especially during the Weekend, during which there was a long-standing history of on-call staffing. Salem established that the relevant language of Section 4.1, as set out in paragraph 7 above, continued to give it the right to maintain on-call status for PACU nurses on the Weekend.

14. In her award, the arbitrator concluded that the relevant language in Section 8.12(a), as set out in Paragraph 6 above, "defines a limited time period during which PACU nurses can be assigned on-call." See **Exhibit B**, the Arbitration Opinion and Award. This conclusion, that the language is limiting, is not borne out by the language itself, which merely states that PACU nurses will share on-call during the time periods set out in the Agreement. See **Exhibit A**. There is no relevant limiting language contained in Section 8.12(a) or anywhere else in the Agreement.

15. The arbitrator went on to state that "it [the language in Section 8.12(a)] specifically states that the *only* time PACU nurses can be assigned to on-call is weekday nights." (emphasis added). See **Exhibit B**. As set out in Paragraph 6 above, this conclusion has no basis whatsoever in the language contained in Section 8.12(a) of the Agreement (or anywhere else in the Agreement, for that matter). The language does *not* specifically state that the only time PACU nurses can be assigned to on-call is weekday nights. The arbitrator exceeded her authority by adding language to the Agreement (i.e., the word "only") and concluding, in the face of the language of the Agreement, that there was express language being violated by Salem. At best, this language was not express

and therefore open to interpretation. The arbitrator exceeded her authority when she substituted her determination over Salem's understanding of what was meant by the language in Section 8.12(a).

16. Finally, she concluded that the relevant language in Section 8.12(a) was "clear and unambiguous ...", and so she ignored the evidence presented regarding the bargaining history that led to the addition of the language in or about 1992. See **Exhibit B**.

17. All of these conclusions, as set out in paragraphs 14 through 16 above, are not consonant with the language of Section 8.12(a), which does not in any way limit Salem's authority to place PACU nurses on-call at other times than those mentioned in such section. The arbitrator, therefore, exceeded her authority by reversing and setting aside a determination made by Salem pursuant to the provisions of the Agreement (i.e., to keep PACU nurses on-call on Weekends). She did this even in the face of evidence presented that could not have led her to conclude that this determination was arbitrary or capricious, without any reasonable basis, or in contravention of express language of the Agreement which is not subject to interpretation. This is all in violation of the relevant language in Section 6.4 of the Agreement, as set out in Paragraph 8 above.

18. While Salem is temporarily complying with the arbitration award, by making the Weekend shift a staffed shift rather than an on-call shift, it maintains that this award exceeded the arbitrator's powers under the Agreement, and therefore, should be vacated.

## COUNT I - VACATION OF THE AWARD

19. Salem repeats and incorporates by reference the facts contained in paragraphs 1 through 18 as if set forth fully at length herein.

20. By disregarding the plain language of the Agreement and adding to and modifying the Agreement in violation of Sections 6.4 and 8.12(a), the Arbitrator exceeded her authority and construed the Agreement in a manner inconsistent with the essence of the Agreement.

WHEREFORE, Salem requests that the Court enter judgment in favor of Salem, issue an order vacating and setting aside the arbitrator's award, and order such other and further relief as the Court may deem just and proper.

SALEM HOSPITAL

By its attorneys,

Richard P. Ward, BBO # 516040
Anthony D. Rizzotti, BBO # 561967
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000

Joshua Abrams, BBO # 637388
Partners HealthCare System, Inc.
Office of the General Counsel
50 Staniford Street Suite 1000
Boston, MA 02114
(617) 724-3323

Dated: December 31, 2003