

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SALEM HOSPITAL,  )
    Plaintiff,  )
   )
V.  )  C.A. No. 03 CV 12650 RGS
   )
AMERICAN FEDERATION OF  )
STATE, COUNTY, MUNICIPAL  )
EMPLOYEES, COUNCIL 93,  )
    Defendant.  )
   )

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR JUDGMENT

Both parties seek Judgment. The Plaintiff seeks Judgment in its favor. The Defendant Union opposes. Fortunately for brevity, much of the Defendant Union's original Memorandum covers points which would otherwise be necessary to raise here. Rather than recycle redundantly, counsel instead invites the Court's attention to the applicability of argumentative highlights and authorities cited, to the Plaintiff's innovative suggestion that the formula is here met, i.e., that there is a contract article which the Arbitrator ignored or contradicted.

First, had this argument not been raised below one might more fairly opine that the arbitrator, inadvertently or by oversight, missed it. The Hospital, however, raised the very same article in the identical argument and much the same words below at arbitration. Certainly there is no foundation from which anyone can conclude oversight or ignorance; one is left with the vision of an arbitrator, argued at by advocates, running through her mind, this article and issue, and coming out in the Union's favor nonetheless.

Counsel recaps that long sentence, focusing on a single word, the noun "article." It is, after all, a contract article, which the Hospital raised below and raises here.

Given that, the process of arbitral mastery of issue application and interpretation arising out of contract articles rises up, too. The roots of the plant pulled up to this Court are as much a part of the rose as the bloom. As in the song that the knee bone is connected to the thighbone and so forth, the contract article is connected to the contract and the contract is connected to the grievance procedure and the grievance procedure is connected to the arbitrator mutually selected by the parties. "(A)rbitration is part and parcel of the collective bargaining process..." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578 (1960).

Accordingly, is the Court going to take the Hospital up on the challenge to cross the judicial line and play (or replay) arbitrator for the parties, construing and applying the prohibition on an arbitrator leaving intact an employer's decision but for instances that the employer is "arbitrary and unreasonable"? After all, there is nothing unusual when an arbitrator must select between competing lines of logic from the same article; the same dilemma is compounded, but not made into a very different mental act, when there is a latent conflict between articles—a conflict that only exists depending on the calculus of application and interpretation. So long as the arbitrator dutifully (honestly and in good faith) read the prohibition not to fence her out of interpreting and applying ARTICLE 8.12(a), the old rubric of who rather than what comes to the fore. Not what did she decide but who is deciding is the question. If it is a parties' mutually selected arbitrator, the Court will not itself intervene unless something quite similar to "arbitrary and unreasonable" occurs. The irony is one of those Chinese dolls, a doll within a doll: Did

the arbitrator apply or interpret the prohibition against arbitrary employer actions arbitrarily?

The answer is no, as the arbitrator, through the terms of the Collective Bargaining Agreement between the parties, is to "determine the interpretation and application of the specific provisions of this Agreement..." Agreement, § 6.4, see Eastern Associated Coal Corporation v. United Mine Workers of America, District 17, ET. Al., 531 U.S. 57, 61 (2000) (both the employer and union have granted to the arbitrator the authority to interpret the meaning of the contract's language). Thus, it was the arbitrator's primary function to interpret the unambiguous language of the contract, and that is what she did in the instant matter. Yet, here no such interpretation was necessary as her ruling was based on the clear language within the Article, "Therefore, I find that the Hospital's determination was in contravention of express contract language of the Agreement which is not subject to interpretation." Arbitrator's Decision, p. 8. In doing so, she was not arbitrary or capricious herself, but was resolving a dilemma inherent in the contract articles, which she alone has been given the authority to decide.

The arbitrator went so far as to say the employer's argument was not arbitrary, capricious, or without merit, but the employer's actions were nonetheless in contradiction to the express language of the Agreement. Id. As such, her ruling is not subject to review since it is upholding the clear language of the Agreement. Bull HN Info. Sys., Inc. v. Hutson, 229 F.3rd 321, 330 (1st Cir. 2000) (arbitral awards are subject to review where an award is contrary to the plain language of the contract) (internal quotation marks omitted). The employer cannot now come before a judicial body in an attempt to try a case in a forum different from where both parties had agreed to have contract disputes

resolved. As it was the arbitrator's view of the facts and of the meaning of the contract they had agreed to accept. <u>Kraft Foods, Inc. v. Office and Professional Employees Int'l. Union, AFL-CIO, CLC, Local 1295</u>, 203 F.3rd 98, 100) (1st Cir. 2000). Therefore, the Plaintiff's Motion for Judgment must be denied.

Respectfully submitted,

*/s/ Wayne Soini/lb*

WAYNE SOINI, ESQ.
AFSCME, COUNCIL 93, AFL-CIO
8 Beacon Street
Boston, MA 02108
Tel.: (617) 367-6024, ext.4
Date: December 15, 2004

## CERTIFICATE OF SERVICE

I, Linda Baker, Legal Secretary, AFSCME, Council 93, AFL-CIO, 8 Beacon Street, Boston, MA 02108. hereby certify that I served the within Memorandum of Law by mailing same, by mail, first class postage prepaid, upon Richard Ward, Esq., Ropes & Gray, LLP, One International Place, Boston, MA 02110, this 15th day of December, 2004:

*/s/ Linda Baker*