SCANNED
DATE: 1/3/05
BY: M.P.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALEM HOSPITAL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AFSCME, COUNCIL 93 )<br>)<br>Defendant. )<br>) | C.A. No. 03-12650-RGS |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
IN SUPPORT OF ITS MOTION FOR JUDGMENT**

This Reply Memorandum is filed by the Plaintiff in response to the Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Judgment.

The Defendant's Memorandum essentially states that the Arbitrator made the decision she made and without elaboration merely asserts that the decision was not arbitrary or capricious. As noted by the Defendant in its Memorandum, the Arbitrator's decision was quite succinct. The Arbitrator found that the fifth sentence of Article 8.12(a)[1] constituted "express contract language" that forbids weekend on-call assignments and that the fifth sentence was not subject to any other interpretation. The Defendant, however, did not dispute that, as argued by the Hospital, that sentence may be interpreted to mean that during the limited time specified, i.e., during the weekday period,

---

[1] The fifth sentence of Article 8.12(a) states: "All Post Anesthesia Care Unit nurses (PACU), on a rotating basis, will share on-call from 12:30 a.m. to 6:30 a.m., Tuesday through Saturday."

9619073_1

all PACU nurses could be assigned on-call "on a rotating basis," as opposed to the general pre-existing rule in the third sentence[2] by which during other periods of time, i.e., the weekends, on-call has to be assigned first to volunteers and then to the most junior nurse. Despite this obvious alternative, reasonable interpretation which establishes that the Arbitrator failed to apply the clear terms of the Agreement that required that the interpretation of the Hospital be upheld,[3] the Defendant sweepingly asserts only that the Arbitrator did not act arbitrarily or capriciously.

In addition, the Defendant, in its Memorandum of Opposition, also fails to dispute the Hospital's contention that a reasonable interpretation of the first sentence of Article 8.12(a)[4] is that when "it determines such is necessary," the Hospital may establish on-call no matter what the rest of the Article states. Undisputedly, this sentence is subject to such an interpretation and the Arbitrator was obligated by the express terms of the Agreement to uphold this reasonable interpretation of the Agreement by the Hospital. The only response to this argument made by the Defendant is in its own Memorandum for Summary Judgment where it incorrectly suggests that the Hospital relied on the "reserved rights theory" that it has rights "not explicitly derogated or modified by its contract." Memorandum of Law in Support of Defendant's Motion for Summary

---

[2] The third sentence states with respect to assigning on-call duties: "[The Hospital] will look first at qualified volunteers and then assign the least senior qualified nurses in the unit to fill the number of on-call positions."

[3] See Article 6.4 which states: "No arbitrator shall have any authority or power to reverse, set aside or modify any determination made by the Hospital pursuant to the provisions of this Agreement unless he or she finds that such determination was arbitrary or capricious, without any reasonable basis or in contravention of express language of this Agreement which is not subject to interpretation."

[4] The first sentence of Article 8.12(a) states: "The Hospital reserves the right to establish and disestablish on-call in particular units when it determines such is necessary."

Judgment at p. 6. However, the Hospital is not relying on rights that are implied by virtue of a contract that is silent on an issue. Here, because of "safety-sensitive" patient needs, the Hospital and the Union both <u>expressly</u> agreed in the first sentence of Article 8.12(a) that the Hospital could establish on-call any time it determined it was "necessary." As found as fact by the Arbitrator, the Hospital did reasonably determine that on-call on the weekend was necessary for patient safety. <u>See</u> Arbitrator's Award at p. 4.

The Arbitrator's decision in this case is in conflict with the express provisions of the Agreement and, as a result, her decision does not draw its essence from the Agreement. As a result, this particular decision falls squarely within the limited exceptions to the general rule that favors upholding arbitral awards for three basic reasons.

### I. THE ARBITRATOR'S AUTHORITY WAS SEVERELY LIMITED BY THE AGREEMENT.

In deciding whether an Arbitrator's decision has exceeded the authority given to the Arbitrator a Court must first look to the Agreement. <u>See</u> <u>Kraft Foods v. Office and Professional Employees International Union, AFL-CIO, CLC, Local 1295</u>, 203 F.3d 98, 101 (1st Cir. 2000) ("... [The Court] must carefully consider any restrictions that the Agreement imposes on the arbitrator's powers.").

Because of the limited authority of the Arbitrator, as set forth in the Agreement, she did not have the usual authority to interpret ambiguous language where often several alternative, reasonable interpretations could be given. Rather, in this case the Arbitrator was required to uphold the Hospital's interpretation, as long as it was not arbitrary,

capricious or in contravention of express language which is not subject to interpretation." See Article 6.4 of Agreement.

The Defendant cites to cases that espouse the general rule of deference where the Arbitrator has been given broad authority to interpret the language of an agreement. Here, however, the parties chose not to do that. The Arbitrator was here authorized only to determine whether the Hospital's interpretation was unreasonable, i.e., arbitrary or capricious or in contravention of language so clear that it was not subject to interpretation at all. Given this limited authority, it is clear that the Arbitrator's decision ignored her limited authority and/or applied it in a palpably faulty manner.

## II. THE ARBITRATOR IGNORED THE PLAIN LANGUAGE OF THE AGREEMENT.

An arbitral award should be vacated where the Arbitrator ignores the plain language of the Agreement. United Paperworkers International Union, AFL-CIO v. Misco, 484 U.S. 29, 38 (1987) ("The arbitrator may not ignore the plain language of the contract . . . ."); Georgia-Pacific Corporation v. Local 27, United Paperworkers Int'l Union, 864 F.2d 940, 944 (1st Cir. 1998); S.D. Warren Co. v. United Paperworkers Int'l Union, 845 F.2d 3 (1st Cir. 1988).

The Arbitrator clearly did ignore the plain meaning of the Agreement as reasonably interpreted by the Hospital. The Arbitrator simply ignored and did not even discuss the first sentence of Article 8.12(a) which expressly reserved to the Hospital the unfettered right during the term of the Agreement upon determination that on-call was "necessary" to "establish" on-call where needed, regardless of any other provisions in the Agreement. The Arbitrator within her limited authority was required to assess whether

the hospital's interpretation of this sentence was reasonable, and if so, uphold the assigning of weekend on-call to PACU nurses.

However, the Arbitrator simply ignored this plain language in the Agreement and the Hospital's interpretation of it. As a result, she exceeded her authority and her decision is not drawn from the essence of the Agreement. An analogous case in which the Court upheld the vacating of an arbitral decision is Appalachian Regional Healthcare, Inc. v. United Steelworkers of America, AFL-CIO, Local 14398, 245 F.3d 601 (6th Cir. 2001). In this case, the agreement also had express management rights provisions that vested exclusively in the hospital the right to direct the workforce and determine the number of hours of work. The Arbitrator interpreted the contract language as forbidding assignment of overtime to part-time employees but ignored the reserved management right to set hours. As a result, the Court found that; "The arbitrator created a limitation on [the Hospital's] management rights that is not found in the Agreement" and "[i]n so doing, the arbitrator's decision failed to draw its essence from the Agreement." Id. At 606-607.

This Court also should vacate this Arbitrator's decision because the Arbitrator ignored, and did not even address, both the general reservation of management rights in Article 4.1 and the specific reservation of a right to "establish . . . on-call" at any time it is "necessary," as set forth in the first sentence of Article 8.12(a). Since the Arbitrator failed to address this express language in the Agreement, at a minimum, the Court should order that the award be vacated and that a new arbitration decision on that issue should be obtained.

### III. THE ARBITRATOR'S INTERPRETATION OF THE FIFTH SENTENCE OF ARTICLE 8.12(a) IS UNFOUNDED IN REASON AND BASED ON PALPABLY FAULTY REASONING

In the First Circuit, an arbitral decision should be set aside when the decision is "unfounded in reason" or "based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling." Local 1445, United Food and Commercial Workers Int'l Union v. Stop & Shop Companies, Inc. 776 F.2d 19, 21 (1st Cir. 1985). The arbitral decision in this case passes neither test.

The Arbitrator rested her decision solely on the fifth sentence of Article 8.12(a) and concluded it could only be interpreted to mean that on-call could be assigned to PACU nurses in the limited time specified, i.e., weeknights. She failed to realize, in light of the third sentence that establishes a different and general method for assigning on-call, that the fifth sentence could reasonably be interpreted as limiting only the special method of assigning on-call, i.e., on a rotating basis to all PACU nurses, to the limited time specified, i.e., weeknights. This reasonable interpretation left the Hospital free to assign on-call on the weekends under the general method. This obvious alternative, reasonable interpretation renders the Arbitrator's decision both unfounded in reason and based on palpably faulty reasoning because she was required to uphold any reasonable interpretation by the Hospital.

-7-

For the foregoing reasons, the Court should vacate the arbitral decision and award.

SALEM HOSPITAL

By its attorneys,

*/s/ Richard P. Ward*

Richard P. Ward, BBO #516040
Michelle H. Lawson, BBO # pending
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000

Dated: December 29, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on DEC 29, 2004

*/s/ Richard P. Ward*

9619073_1

-7-