UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SALEM HOSPITAL,           )
        Plaintiff  )
                   )
v.                        )   C.A. No. 03 CV 12650 RGS
                   )
AMERICAN FEDERATION OF    )
STATE, COUNTY & MUNICIPAL )
EMPLOYEES COUNCIL 93,     )
AFL-CIO,                  )
        Defendant  )

**DEFENDANT AFSCME COUNCIL 93, AFL-CIO'S
REPLY BRIEF TO THE PLAINTIFF'S OPPOSITION**

The judicial task presented is—as is so often the case—interpreting words.

Parties to a contract walk a tightrope between granting or denying rights, reserving or conceding rights, line by line, sometimes word by word, sometimes omission by omission.

Frequently, Courts are there to interpret those contracts.

However—and the Union contends this to be dispositive here-- the Employer brings to this Court *issues* (plural) resolved by the mutually selected arbitrator below.

Counsel offers the homely analogy: Was the contract light red, yellow or green when the Arbitrator went through its terms?

ARTICLE 6.4

Following the analogy without purporting to be literal, the Employer says that the light was red. After all—says the Employer, with emphasis, both below and before the Court—there is a "GRIEVANCE AND ARBITRATION" Article 6.4.

The Arbitrator was aware of it, quoted it (p. 3 of her award), understood the Employer's defense (p. 6) and worked with it in mind (pp. 7-9), repeatedly alluding to or quoting from the term, "No arbitrator shall have any authority or power to reverse, set aside or modify any determination made by the Hospital pursuant to the provisions of this Agreement unless he or she finds that such determination was arbitrary or capricious, without any reasonable basis or in contravention of express language of this Agreement which is not subject to interpretation."

She found herself able to proceed on the basis[1] of a green light.

She read ARTICLE 8.12(a) as one of the exceptions to the red light cast by much of ARTICLE 6.4.

<u>Employer too late</u>

The Employer is before this Court pointing at the traffic light it participated in putting at the head of Arbitration Street, after the light has changed. Certainly, arbitrators must detour around any non-arbitrary Employer determinations on Arbitrator Street. That is good, black-and-white clearly written major premise prose.

But there is that well-lit side street, on which conscientious arbitrators may find themselves, paved with more than good intentions: the legendary street of language that is clear beyond interpretation. The parties premised that their contract contained some of that mind-dazzling clarity which transcends the necessity for the mundane task of interpretation.

Following the parties' lead, the Arbitrator found ARTICLE 8.12(a) to be "not subject to interpretation" on the basis of one criterion: "because any proffered *interpretation* that would expand the instances in which PACU can be required to go on-call would render the provision *meaningless and unnecessary*."(p. 8) *(emphases supplied)*

Pursuant to ARTICLE 6.4 the parties equipped their arbitrators with yellow police line tape to use wherever they find "NO INTERPRETATION ALLOWED." It was placed in their hands. Here, she merely used what she was given; she felt constrained to do so lest otherwise clearly stated time limits expand, spilling over temporal banks, engulfing nurses on their weekends.

Any objective reader of prose will find the merit in that; Arbitrator Cochran is preserving with precision the integrity of times the parties together had explicitly designated. Otherwise, those time limits, expanded by an injection of the imported drug of "interpretation" would lose any viability and decline instead into meaninglessness.

---

[1] The fairly common reservation that an Arbitrator may only reverse Employer determinations that controvert "express language of this Agreement" is finely spun in ARTICLE 6.4, injecting six final words, "express language of this Agreement *which is not subject to interpretation.*" *(emphasis supplied)* Logically, the added words—non-susceptibility to "interpretation"—have to be themselves interpreted by someone. No articles are fenced off or contractually clumped and classified under a catalog of "Express Language of this Agreement which is Not Subject to Interpretation." Nor is there any restriction on criteria used by an Arbitrator. It would have been easy enough at bargaining for the Employer to propose its list of articles or sections which are "not subject to interpretation." It certainly must have thought that there were such articles, or it would never have agreed to and signed this contract. The Employer might never have proposed ARTICLE 8.12 as "not subject to interpretation." But, by not doing so at the bargaining table, the Employer left the issue open, whether ARTICLE 8.12 was susceptible or insusceptible of interpretation. Thus it was that the parties required their mutually selected Arbitrator to determine whether ARTICLE 8.12, not unlike life, liberty and the pursuit of happiness, constitutes a self-evident truth. She found that it was not amenable to interpretation. The Employer cannot be heard to complain that its defense failed. That is, it may complain but its complaint is not susceptible to judicial interpretation.

<u>In this light</u>

What is before this Court is not the ruling of a novice but the verbal reflection of the acumen of an honest arbitrator exercising her sharpest analytical powers within rigorous but confusing contractual directions. The contract is full of red/yellow/green lights and she had to negotiate obscurities inherent in ARTICLE 6.4 in order to render dispositive the bright sunlit clarity of ARTICLE 8.12(a).

The confusion-as-defense urged below and here by the Employer is that all articles are alike: they are not. An Arbitrator's classification is final not only as to her determination that the Hospital was not "arbitrary" but also as to ARTICLE 6.4's exceptions. She might not persuade everyone; the Court itself need not be convinced of the classification or line drawn around ARTICLE 8.12(a) as being one with ARTICLE 6.4's "express language of the Agreement which is not subject to interpretation." (p. 8) But she drew the necessary lines, and these lines arise out of the parties' contract's express terms. She was not guilty of either an ignorant or dishonest reading of contract; she resolved the dilemma presented. It was the only game in town. As between the Red Sox and the Yankees, someone had to win and this time it was the Red Sox.

CONCLUSION

The Employer's complaint should be dismissed and the Arbitrator's Award should be confirmed.

Respectfully submitted,

*Wayne Soini*
WAYNE SOINI, ESQ.
BBO # 472020
AFSCME Council 93, AFL-CIO
8 Beacon Street
Boston, MA 02108
Tel.: (617) 367-6024, ext. 4

DA: DECEMBER 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply Brief to the Plaintiff's Opposition was Served upon the Plaintiff on December 29, 2004 by mailing a copy to its attorney, Richard P. Ward, Ropes & Gray LLP, One International Place, Boston, MA 02110-2624.

_/s/ Wayne Soini_
Wayne Soini, General Counsel